IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM JAMESON** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-2802 |
| | : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, | : | |
| TIMOTHY J. RIGAS, and JAMES P. RIGAS | : | |
| | : | |
| **ERNEST PEDATA** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-2901 |
| | : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, | : | |
| TIMOTHY J. RIGAS, and JAMES P. RIGAS | : | |
| | : | |
| **DAVID SORENSON** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3158 |
| | : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, | : | |
| TIMOTHY J. RIGAS, and JAMES P. RIGAS | : | |
| | : | |
| **HAROLD WEINER** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3211 |
| | : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, | : | |
| TIMOTHY J. RIGAS, and JAMES P. RIGAS | : | |
| | : | |
| **BRIAN SMITH** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3625 |
| | : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, | : | |
| TIMOTHY J. RIGAS, and JAMES P. RIGAS | : | |

| | | |
|---|---|---|
| **KURT MEYLE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 02-3699 |
| | : | |
| **JOHN J. RIGAS, MICHAEL J. RIGAS,** | : | |
| **TIMOTHY J. RIGAS, and JAMES P. RIGAS** | : | |
| | : | |
| **JEFFREY J. HYSLIP** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 02-3768 |
| | : | |
| **JOHN J. RIGAS, MICHAEL J. RIGAS,** | : | |
| **TIMOTHY J. RIGAS, and JAMES P. RIGAS** | : | |
| | : | |
| **SCOTT BURNSIDE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 02-3769 |
| | : | |
| **JOHN J. RIGAS, MICHAEL J. RIGAS,** | : | |
| **TIMOTHY J. RIGAS, and JAMES P. RIGAS** | : | |
| | : | |
| **WILLIAM SPADA** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 02-3858 |
| | : | |
| **JOHN J. RIGAS, MICHAEL J. RIGAS,** | : | |
| **TIMOTHY J. RIGAS, and JAMES P. RIGAS** | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF THE MOTION OF INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, LOCAL 705 PENSION FUND
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

## PRELIMINARY STATEMENT

Presently pending before this Court are several related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Adelphia Business Solutions, Inc. ("Adelphia Business Solutions" or the "Company") shares between January 6, 2000 and March 27, 2002, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).[1]

Class member International Brotherhood of Teamsters, Local 705 Pension Fund ( "Local 705"), hereby moves this Court for an order to: (i) consolidate the Actions pursuant to Fed. R. Civ. P. 42(a); (ii) appoint Local 705 as Lead Plaintiff in the Actions under Section 21D(a)(3)(B) of the Exchange Act, and (iii) approve Local 705's selection of the law firms of Milberg Weiss Bershad Hynes & Lerach LLP ("Milberg Weiss") to serve as Lead Counsel and Law Offices Bernard M. Gross, P.C. ("Law Offices Bernard M. Gross") to serve as Liaison Counsel.

This motion is made on the grounds that Local 705 is the most adequate plaintiff, as defined by the PSLRA. Local 705, an institutional investor, suffered losses of $282,481.00 in connection with its purchases of thousands of Adelphia Business

---

[1] The class sought to be represented in the Actions is a different class of purchasers than the other proceedings brought on behalf of purchasers of Adelphia Communications, Inc. securities against Adelphia Communications, Inc. and certain of its officers and/or directors.

1

Solutions shares during the Class Period.[2]  See Gross Decl., Ex. C.[3]  To the best of our knowledge, this is the greatest loss sustained by any moving class member who has brought suit or filed an application to serve as Lead Plaintiff in these Actions.  In addition, Local 705, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

### **FACTUAL BACKGROUND**[4]

Adelphia Business Solutions provides integrated telecommunications services to businesses, governmental and educational customers.  Adelphia Business Solutions provides local phone, long distance, high speed data transmission and Internet connectivity services.  On March 27, 2002, Adelphia Business Solutions filed for Chapter 11 Bankruptcy and thus is not named as a defendant in these actions.

The complaint alleges that, among other things, throughout the Class Period, Adelphia Business Solutions engaged in deceptive sales practices which artificially

---

[2] The losses suffered by Local 705 are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the certifications required under Section 21D of the Exchange Act and based upon reference to information concerning the current market for the Company's securities. Local 705's transactions in Adelphia Business Solutions shares are set forth in the accompanying loss chart.

[3] References to the "Gross Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Deborah R. Gross dated July 9, 2002 and submitted herewith.

[4] The facts are derived from the complaint filed in the action captioned William Jameson v. John J. Rigas, et al., No. 02-CV-2802 (the "Jameson Action").  See Gross Decl. Ex. A.

2

inflated the reported number of telecommunications lines that it sold. In addition, the complaint alleges that defendants improperly caused Adelphia Business Solutions to pay the overhead expenses of Adelphia Communications Inc. ("Adelphia Communications"), a company controlled by defendants which maintained important business ties with Adelphia Business Solutions and on which Adelphia Business Solutions depended. Furthermore, according to the complaint, defendants failed to disclose that Adelphia Communications had in excess of $2 billion in off-balance sheet liabilities. On March 1, 2002, Adelphia Business Solutions announced that it would default on interest payments on certain secured notes. Subsequently, on March 27, 2002, defendants disclosed that Adelphia Communications, along with another entity controlled by defendants, was liable for $2.3 billion of previously-undisclosed debt. On that same day, Adelphia Business Solutions filed for bankruptcy.

## ARGUMENT

### POINT I.

### THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

    The Actions each assert class claims on behalf of the purchasers of Adelphia Business Solutions shares for alleged violations of the Exchange Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Adelphia Business Solutions shares during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Adelphia Business Solutions securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). See Johnson v.

3

Celotex Corp., 899 F.2d 1281, 1284 (3d Cir.); cert. denied., 498 U.S. 920 (1990).  That test is met here and, accordingly, the Actions should be consolidated.

### POINT II.

### LOCAL 705 SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.   The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i).  Plaintiff in the Jameson Action caused notice to be published on the Business Wire on May 10, 2002.[5] See Gross Decl., Ex. B.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most

---

[5]   The Business Wire has consistently been recognized as a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire services." Greebel v. FTP Software. Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance Corp., No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

4

capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> > (aa) has either filed the complaint or made a motion in response to a notice...
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. 78u-4(a)(3)(B)(iii). See generally Greebel, 939 F. Supp. at 64.

### B. Local 705 Satisfies The "Lead Plaintiff" Requirements Of The Exchange Act

#### 1. Local 705 Has Complied With The Exchange Act And Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on July 9, 2002. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on May 10, 2002), Local 705 timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Local 705, by its chairman, has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. See Gross Decl., Ex. D. In addition, Local 705 has selected and retained competent counsel to represent it and the class. See Gross Decl., Exs. E-F. Accordingly, Local 705 has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its

5

application for appointment as Lead Plaintiff and selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

### 2. Local 705 Has The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, see Gross Decl. Ex. D., Local 705 purchased thousands of Adelphia Business Solutions shares in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. In addition, Local 705 incurred a substantial $282,481.00 loss on its transactions in Adelphia Business Solutions shares. Local 705 thus has a significant financial interest in this case. Therefore, Local 705 satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. 78u-4(a)(3)(B).

### 3. Local 705 Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -directly address the personal characteristics of the class representative. Consequently,

in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. First Merchants, 1997 U.S. Dist. LEXIS 11866 at *20; Fischler v. Amsouth Bancorporation, No. 96-1567-Civ - T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997). Local 705 satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. See Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. Phillips v. Joint Legislative Comm. on Performance & Expenditure Review, 637 F.2d 1014, 1024 (5th Cir. 1981).

Local 705 satisfies this requirement because, just like all other class members, it: (1) purchased Adelphia Business Solutions shares during the Class Period; (2) purchased Adelphia Business Solutions shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Local 705's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. Local 705, as a highly-qualified institutional investor, also satisfies the Congressional preference of having an institutional investor serve as a lead plaintiff in this type of litigation. See Newby v. Enron Corp. (In re Enron Corp. Securities Litigation), 2002 U.S. Dist. LEXIS 3688, *39 (S.D. Tex. Feb. 15, 2002).

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of Local 705 to represent the class to the existence of any conflicts between the interest of Local 705 and the members of the class.  The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Modell v. Eliot Sav. Bank, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Local 705 is an adequate representative of the class.  As evidenced by the injury suffered by Local 705, which purchased Adelphia Business Solutions shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Local 705 are clearly aligned with the members of the class,

and there is no evidence of any antagonism between Local 705's interests and those of the other members of the class. Further, Local 705 has taken significant steps which demonstrates it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Local 705's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Local 705 <u>prima</u> <u>facie</u> satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**POINT III**.

**THE COURT SHOULD APPROVE LOCAL 705'S CHOICE OF COUNSEL**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Local 705 has selected the law firms of Milberg Weiss as Lead Counsel and Law Offices Bernard M. Gross as Liaison Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. <u>See</u> Gross Decl., Exs. E-F. Accordingly, the Court should approve Local 705's selection of Milberg Weiss to serve as Lead Counsel and Law Offices Bernard M. Gross to serve as Liaison Counsel.

## CONCLUSION

For all the foregoing reasons, Local 705 respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Local 705 as Lead Plaintiff in the Actions; (iii) approve its selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other such relief as the court may deem just and proper.

DATED: July 9, 2002

LAW OFFICES BERNARD M. GROSS, P.C.
BY:

_____
**Deborah R. Gross (Attorney Id. No. 44542)**
1515 Locust Street, Second Floor
Philadelphia, PA 19102
(215) 561-3600

**Proposed Liaison Counsel**

**MILBERG WEISS BERSHAD HYNES & LERACH LLP**
Steven G. Schulman
Samuel H. Rudman
David A. Rosenfeld
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

**Proposed Lead Counsel**

10